We will hear argument now in the case of technical security integration against EPI Technologies. Mr. Sterling. Defendant in this case, EPI, filed suit in the underlying case without any mediation ever taking place. Yet, after EPI lost that case, they relied on the lack of the mediation, pre-litigation mediation occurring as a shield to avoid the prevailing party fees. The case fits squarely within the prevention doctrine, which… Mr. Counsel, I know the parties addressed problems of issue and claim preclusion in the district court and haven't done so here. But for my curiosity, is there any reason to believe that Illinois allows a prevailing litigant in suit number one to file a separate lawsuit, number two, to seek attorney's fees from suit number one? Yes, Your Honor. So under Illinois Jurisprudence, an exception to res judicata is where the suit or the judge in the underlying state court action expressly reserves the right to file a new suit. And that's exactly what happened in this case. Is there some case you want to refer me to to look that up? Yes. So I know the – for the exception to res judicata… No, I'm asking a concrete question about whether Illinois has case law saying if you file and win suit – if you win suit number one, you can file a separate lawsuit seeking the attorney's fees from suit number one. I don't know if there are case laws specific to seeking attorney's fees, but there are… Or costs. Or anything similar. Or costs. But it does – there is a cause of action for prevailing party fees, and it's not precluded under claim preclusion or res judicata because… What's the case that you would cite? I'm not asking you – putting you on the spot because I know the parties haven't briefed this question. So I don't expect you to know it by memory, but it was a puzzle to me when I was trying to work this case through. Your Honor, I think we cited some of those cases in the underlying briefing, but one I would point you to is Hudson v. City of Chicago. If you did, we can go and look at that. Thank you. Thank you, Your Honor. On appeal, res judicata was not raised, and the district court found that the claim was not precluded because the judge in the underlying case specifically provided technical securities remedy is to file a new lawsuit because EPI had voluntarily dismissed the remainder of the lawsuit, and therefore the state court could not rule on the petition for fees. Mr. Sterling, do you want us to order a trial? So I would like you to order summary judgment for technical security. I can't see how we could do that. What I see – you seem to want us to fill in a lot of blanks in Section 16 of your contract as to schedules, terms about fees, terms about how to select a mediator, and so on. And what I see in the factual record here is each party pointing to how the other representatives or lawyers were unreasonable and that EPI went to court too soon. Well, there are differing standards there, Your Honor. So the contract provides that the parties must mediate. Actually, it does not. It's not a breach to go ahead and file suit. All that's forfeited is the potential for fees, right? Your Honor, the contract says the parties will – shall submit the matter to mediation. And then it contemplates a 180-day cooling-off period, and then the parties – only after that time, the parties are entitled to file suit. So it's not an optional thing where you can mediate if you want to seek fees or not mediate if you don't want to seek fees. The contract says the parties shall mediate. Okay, but again, the problem is whose fault is it here? They say it's your fault that your lawyers didn't get back to them in time, right? That's correct. I'm trying to picture selecting a jury in this trial and explaining to them what this is going to be about. Which of these two groups of lawyers were more unreasonable and impatient, right? Your Honor, that's right. That's what it's going to be about. But the degree of what occurred is different, right? So EPI here filed suit. There's no doubt that the contract does not allow them to file suit unless there's a prior breach by technical security. Because the contract doesn't have any terms, as you said, about when to select a mediator, how that's done, the only way to fill that in is on a good faith and fair dealing or reasonableness basis. And that would be a fact-intensive finding to show that the waiting of, you know, six weeks when my client was seeking Illinois counsel was unreasonable under the law and therefore technical security breached the contract. The finding under the prevention doctrine is not that. It only has to show if there's no prior breach of technical security. Under the prevention doctrine, EPI, if they wrongfully hindered the condition from occurring, and I think that's a pretty easy determination to make, that filing suit when the contract says you can't is wrongfully hindering the condition from occurring. From their point of view, you guys were just balking. You were refusing to go forward with mediation. Now, I understand you've got factual disputes about that, and Ms. Yoon and her e-mails and her memory may come into play in all that. But I guess I'd have a hard time seeing summary judgment for you. Your Honor, they say we dawdled. Under the contract, it says the party shall submit the case to mediation. There's no exception for dawdling. When would you have been required to file or respond? So I think that goes back to a reasonableness evaluation, and in that, you would have had to look. Six weeks is not an overly long time for things to happen in the legal world, especially when there's a demand of a California small business, and they've now got to find counsel and determine a mediator in Chicago. But that reasonableness determination has to take into account all those factors, but it also takes into account the conduct of the other party. It would have been easy for them to say, hey, if you don't— So at what point would EPI have been permitted to take further action? If we determined six weeks, that's sufficient, that's reasonable. Or not, at what point would EPI have been permitted to take further action without any response from TSI? So that's not in the contract, but what they could have done is said, hey, if you don't get back to us in the next two weeks, we're going to go ahead and file suit, or we're going to go ahead and say you're in breach under the agreement. They got none of that. Rather, they just went and filed suit without warning, and that goes into that reasonableness determination, and I believe without warning and the fact that they just went ahead and filed in breach of the contract would entitle TSI to summary judgment. But going back to that— So I guess I'm struggling with the idea that it was a breach for them to file suit if they had reasonable grounds to think you all were dawdling and resisting mediation. Well, dawdling and resisting mediation is not a breach of the contract. Really? How long could you wait to follow up on Judge Breyer's question? How long could you stall? Well, I'm not sure. It would depend on the circumstances, but here there's no rejection of mediation. There's only that they're telling them they will get back to them and propose an alternate mediator after six weeks  He was reaching out pretty much every two weeks. He reached out twice, right? And that was while the attorney handling was on maternity leave and there was another attorney and they were trying to get counsel. But there's no analysis in the district court opinion that that was a breach by technical security. That would have to be a factual determination, and that would foreclose the summer judgment that was awarded below. So it would be, I believe, easier to award summer judgment to TSI, but awarding it to EPI couldn't be done without the factual determination that we've been discussing. Thank you, counsel. Mr. Glazer. Good morning. Please, the court. Adam Glazer on behalf of EPI. None of what you just heard is in the contract. There's no contractual requirement that we issue a warning before filing suit. There's no contractual requirement that we wait not an overly long time, as I heard counsel say. The contract provides for mediation, yes, but it is not a requirement. It states in the contract mediation shall take place, but it also provides the contractual penalty for the failure to take place, which is the forfeiting your right to seek attorney's fees. And when we filed the complaint, we understood that penalty and we did not seek attorney's fees in the original action we filed in the state court. What we did, your honors, we knew the parties had agreed to mediate under the sales representative agreement, the SRA. We demanded mediation July 29th of 2015. The response we heard was kind of a reflexive response. Even though we don't know your mediator, we reject your mediator and we will propose an alternative mediator. Fine. We heard nothing. We inquired again on August the 12th. The response that we heard at that time from the attorney, they hired an attorney in California, the attorney said that he'll check again. We heard nothing. We inquire again, this time on August the 20th, and the response that we get from the attorney, message received, we'll be in touch. Nothing. So by September 14th, we did file our complaint. We waited over six weeks from the time that we first demanded a mediation pursuant to the SRA. Counsel didn't answer the question about just how long we should have waited. If it took them six months to find a mediator that they liked or to find counsel, we should have waited six months. Why isn't six weeks a question of reasonableness here? The six-week period, I think, the evidence of its reasonableness is supported by the fact that the attorneys kept responding to us, kept saying, okay, we're going to respond, we're going to get to you, we're going to propose another mediator. They had plenty of time, which you heard up here a moment ago about some of the time. It's not actually that much time. It's an ample period of time to agree to mediation. They didn't have to necessarily agree to our terms. They could have written us back if they needed more time and said, let's mediate on a date three months from the date you suggested. But we didn't hear anything like that. All we got was radio silence other than vague promises to get back to us. Six weeks, the district court judge was entitled to find that that was a reasonable time period. Acting as a matter of law or as a matter as a trier of fact? I think, Your Honor, reasonableness here as a matter of law. I think the idea that there are six weeks and that we – it wasn't like they – They never told us – Who drafted Section 16? Section 16 was the form contract, I believe, that was used by the plaintiff in the case. By TSI. TSI. Okay. Both of you seem to be asking us or the district court in essence to infer an awful lot of details here about a schedule, about how you pick a mediator, how quickly people need to respond to each other, right? I don't know that we're asking you to assume a lot. I think objectively everybody up here has practiced and we know how – you've been around a long time. If they needed more time than the six weeks, they could have written to us and said, look, we need another couple of weeks and then we're going to go ahead and mediate. We didn't hear anything like that. We didn't hear – there was no talk about a maternity leave. That comes up for the first time on appeal. We didn't hear that below. There was no talk about any other difficulties in terms of finding a Chicago lawyer. After all, this is mediation, not court. Their California lawyer could have mediated the dispute. You don't have to be licensed in Chicago to mediate. They already had attorneys in place. There's no reason in the world the mediation couldn't have taken place. We didn't require that the mediation take place within six weeks. We just required a communication acknowledging that they would mediate, and we gave them plenty of time to do that. Did they say they would not? They didn't tell us they wouldn't. They never came to us and said, we're ready to mediate. Why not give them a deadline? Because the contract doesn't require it. It doesn't say we have to give it. Wouldn't it be kind of reasonable before you jump, before you go to court, to at least say we think you're jerking us around here, it's time's up? That was exactly the thinking, but our view was we gave them three chances. We kept writing to them. We weren't required under the contract to write to them more than once. You want to make these arguments to a jury? I think the arguments played well in front of the district court judge. They obviously did. I guess the question that's been raised now is that three weeks after you filed suit, TSI did reach out and said, we are open to mediating. Was this considered below when interpreting Section 16? Judge, understand that they could have filed a motion with the Cook County Circuit Court saying, let's stay the case in favor of mediation. Let's dismiss it in favor of mediation. They could have taken any action at all. But during the whole pendency of the Cook County litigation, they never took any action to say that we're ready to proceed with the mediation. I don't believe they came to us. I don't believe they came to the court to say, let's go ahead and mediate. The only time this came up, the only time perhaps they were even aware of it, was after the case had been adjudicated on summary judgment, partial summary judgment, and then they sought fees. And that's when they learned for the first time, apparently, it's the first time it's mentioned in the pleadings, that by failing to mediate, they had forfeited the right to recover the fees. No, there's a declaration from Ms. Yoon. She declares that she did reach out and attempt to mediate in October, about a month after the case was filed. That's just not our understanding. And Ms. Yoon doesn't even remember it that way. She says, of course, that she doesn't have a recollection, but that she made some sort of note to that effect. But no one on our side ever recalls them coming back to us and offering to mediate at any time. Not before, not after the case was filed. I understand that's in a declaration somewhere that wasn't considered. But the fact is, if they had done that, why didn't they come to us again? If they really think that that phone call was sufficient, they had attorneys in place in Chicago by now. Why didn't the Chicago attorney, why didn't Mr. Sterling pick up the phone and say, Adam, we're ready to mediate? Do we know why it wasn't considered, that declaration, in raising that fact question? Well, it's referenced in the footnote in the district court opinion. We argued, of course, that it should be stricken. He denied the motion as moot, but he didn't explain why he didn't actually consider the declaration. Clearly, it was not on firsthand knowledge. Why isn't it just recorded recollection? Well, we don't have all of that information, of course. What they did is they produced a heavily redacted document to us, so we don't exactly know whether it has the makings of a recorded recollection. All we see is what they choose to give us. We don't know exactly the nature of that alleged recorded recollection. So, look, we attempted, we tried. Contract didn't require us to demand it more than once. We came back to them three times, and they did, in fact, jerk us around, Your Honor. We tried to go back to them. They stalled us. There was no indication as to when, if ever, they were going to respond and proceed with the mediation. We're not required to sit on our hands forever. We gave them over six weeks, nothing. We went ahead and exercised our right to file. But never gave them a deadline? We did not give them a deadline, nor were we required to give them a deadline. That's after the fact. Well, there's no time limit for their response, is there, in the contract? There's no time limit. It doesn't say anything about a time limit for either side. Exactly. But if they're going to come into court and argue to this court that six weeks is unreasonable, I'd like to see a citation. I'd like to see some authority where some other court has said waiting six weeks to file a lawsuit, not sitting on your rights, is not reasonable. And I'll point out one other factor. You know, there's no choice of venue provision in the contract. So by giving them all this additional time,  before we got to court in Cook County. So we had to be mindful of protecting our rights. Our guy was deprived of commissions. He was not getting paid. He was anxious to have his day in court, in the circuit court of Cook County, not out in California. So we thought six weeks was more than enough time. Thank you, Your Honors. Thank you very much. To both counsel, the case is taken under advisement.